IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-MJ-00162-JAM(WBG) |
| ERNEST L. HALL, | |
| Defendant. | |

### MOTION FOR DETENTION

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant ERNEST L. HALL, and states the following in support of the motion:

1. This motion is being made at the defendant's first appearance before a judicial officer. A Criminal Complaint has been filed charging the defendant with possession with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Counts One and Two).

2. The defendant is charged in Count One and Two with being a felon in possession of a firearm, which is a crime of violence under the Bail Reform Act. *See* 18 U.S.C. § 3142(f)(1)(A); *United States v. Shirley*, 189 F. Supp. 2d 966 (W.D. Mo. 2002) (adopting *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000)); *United States v. Strickland*, No. 12-00048-01-CR-W-HFS, 2012 WL 1980820, at *1 (W.D. Mo. May 7, 2012). This case also involves the possession or use of a firearm as that term is defined in 18 U.S.C. § 921. *See* 18 U.S.C. § 3142(f)(1)(E).

3. Based on the charge and the present motion, this Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

4. Under the Bail Reform Act, a defendant can be detained if "the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

5. Based on the offenses charged in Counts One and Two of this case, subject to rebuttal by the defendant, the Court shall presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3).

6. In determining whether pre-trial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

7. A criminal history check revealed the defendant has previous convictions for the following offenses in the 16th Judicial Circuit Court of Jackson County, Missouri:

    a. 1st Degree Tampering. He was found guilty on March 24, 1986.

b. One (1) count of 1st Degree Tampering, one (1) count of Felony Stealing, three (3) counts of 1st Degree Armed Robbery and three (3) counts of Armed Criminal Action – Case No. CR853313.

c. Three (3) counts of 1st Degree Robbery and three (3) counts of Armed Criminal Action – Case No. 49200230600. He was found guilty on April 1, 1993.

d. 2nd Degree Robbery and Armed Criminal Action – Case No. 0616CR0014201. He was found guilty on September 7, 2006.

8. HALL was convicted of the following felony in the 26th Judicial Circuit Court of Morgan County, Missouri:

a. 1st Degree Endangering the Welfare of a Child: 1st Offense, No Sexual Contact – Case No. 16MGCR0006201. He was found guilty on August 11, 2016.

9. Also, the weight of the evidence against defendant is strong. He was found to be in possession of a firearm at his residence and he previously sold firearms to an ATF Confidential Informant.

10. Based on the defendant's criminal history, the nature and circumstances of this offense, and the rebuttable presumption of detention present in this case, the United States submits it is established by clear and convincing evidence that there are no conditions which the Court could place on the defendant's release which would reasonably assure the safety of the community. Furthermore, considering the defendant's documented history of failing to abide by court directives and failures to appear at court as directed, it has also been established by a preponderance of evidence that no condition or combination of conditions would reasonably assure the defendant's appearance.

11. WHEREFORE, based on the foregoing, the United States requests that the Court hold a detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

          Respectfully submitted,

          Teresa A. Moore
          United States Attorney

By  /s/ *D. Michael Green*

          D. Michael Green
          Assistant United States Attorney
          Violent Crime & Drug Trafficking Unit
          Charles Evans Whittaker Courthouse
          400 East Ninth Street, Suite 5510
          Kansas City, Missouri 64106
          Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on November 27, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

                                                /s/ *D. Michael Green*
                                                D. Michael Green
                                                Assistant United States Attorney